UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LETICIA VASQUEZ, ANA MURCIA,               :
YOLANDA PAGUADA ROSALES, ANA               :            **23 Civ. 9473 (GS)**
MARITZA RAMOS, and ANA RAMIREZ,            :
                                           :            **ORDER APPROVING**
                   Plaintiffs,             :            **SETTLEMENT**
                                           :
            - against -                    :
                                           :
PUPUSERIA SALVADORENA, INC. and            :
ELSY NOEMI VARGAS,                         :
                                           :
                   Defendants.             :
------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of the parties' fully executed settlement agreement

(the "Settlement Agreement") in this case involving claims under the Fair Labor

Standards Act ("FLSA") and counsel's letter seeking approval thereof pursuant to

*Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015).  (*See* Dkt. No.

50 ("Ltr.") & 50-1 ("Sett. Agmt.")).  After carefully reviewing counsel's letter and the

provisions of the Settlement Agreement, I find that the Settlement Agreement

warrants approval under *Cheeks*.

First, the economic terms of the Settlement Agreement, including the

settlement amounts for each Plaintiff, the payment schedule, and Plaintiffs'

remedies in the event of default, are fair and reasonable.  (*See* Sett. Agmt. ¶¶ 1-2 &

Ex. A).  I reach this conclusion for the reasons set forth in counsel's letter (*see* Ltr.

at 3-4) and based on my own assessment of the totality of the circumstances and

consideration of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d

332, 335-36 (S.D.N.Y. 2012), and my participation in a settlement conference with the parties held on August 18, 2025.

In particular, while the $58,562.84 net settlement amount payable to Plaintiffs (after deductions for attorney's fees and costs) is relatively modest in comparison to Plaintiffs' claimed damages (*see* Ltr. at 2-3), "one of the main driving factors in approving [a] settlement agreement" under *Cheeks* can be "Defendants' assertion of a limited ability to pay." *Fuentes v. Highgate Cleaners, Inc.*, No. 20 Civ. 3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022). Here, as noted in counsel's letter, there were very serious concerns about Defendants' ability to pay any judgment that may have been secured by Plaintiffs at trial. (*See* Ltr. at 4). Against that backdrop, the Court regards the economic terms of the Settlement Agreement as clearly reasonable.

Second, I also find the non-economic terms of the Settlement Agreement to be fair and reasonable. The Settlement Agreement does not contain a confidentiality provision or a non-disparagement clause. The Settlement Agreement does provide for Plaintiffs to give a general release, as opposed to a release limited to wage-and-hour claims. (Sett. Agmt. ¶ 3). However, Defendants are also giving a general release in favor of Plaintiffs. (*Id.*). Courts have approved of mutual general releases in FLSA cases where, as here, Plaintiffs are represented by counsel and no longer employed by Defendants. *See, e.g.*, *Matatia v. Kavouras Corp.*, No. 24 Civ. 7569 (AEK), 2025 WL 1079201, at *3 (S.D.N.Y. Apr. 8, 2025) ("While the Proposed Settlement Agreement contains general releases, they are appropriately mutual in

all respects, were negotiated by competent counsel for both sides, and involve a former employee who has no ongoing relationship with the employer."); *Weng v. T&W Rest., Inc.,* No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving mutual general release in non-class action FLSA settlement negotiated by competent counsel for both sides; "[u]nder these circumstances, a general release of the kind proposed in this case will bring closure to both sides and is not unfair"); *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (noting a "willing[ness] to approve" general release if the release were made "mutual in all respects" because "[a] mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes").

Third, the amounts payable to Plaintiffs' counsel for attorney's fees and costs are fair and reasonable. Plaintiffs' counsel will receive a contingency fee representing 32.5% of the overall $90,000 settlement, plus $2,155.74 in costs. (Ltr. at 4). The fee award is consistent with Plaintiffs' retainer agreement with counsel (*id.*) and with prevailing practice in FLSA cases. *See Vargas v. Pier 59 Studios L.P.*, No. 18 Civ. 10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021) ("courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"). Notably, the fee award is a fraction of Plaintiffs' counsel's lodestar calculation of $217,457.50 for the 402 hours of work counsel billed on this matter. (*Id.* at 5 & Ex. B).

Accordingly, the Settlement Agreement is hereby **APPROVED**.  The Clerk of

Court is respectfully directed to close this case.

      **SO ORDERED.**

DATED:    New York, New York
            November 5, 2025

                                              GARY STEIN
                                            United States Magistrate Judge